Julius (Jay) C. Henricks v. Commissioner.
Henricks v. Commissioner
Docket No. 16192.
United States Tax Court
1949 Tax Ct. Memo LEXIS 34; 8 T.C.M. (CCH) 993; T.C.M. (RIA) 49268; November 8, 1949
*34 Deduction: Business expenses. - Petitioner, an advertising solicitor, deducted on his returns as ordinary and necessary business expenses certain sums expended for taxi fares, telephone calls, tips to railroad ticket offices for special service, wedding and baby gifts to business friends, entertainment of business friends at his home, and other social entertainment. Held, the expenditures for taxi fares and telephone calls were in furtherance of petitioner's business and properly deductible as business expenses under section 23 (a) (1) (A), I.R.C., but as the claim for deduction was based solely upon petitioner's estimate, an allowance of only part of the claim as a deduction is made under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540. The remaining expenditures made by petitioner constituted personal expenses and were not deductible as business expenses. Julius (Jay) C. Henricks, pro se. Sheldon V. Ekman, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion TYSON, Judge: Respondent has determined an income and victory tax deficiency against petitioner in the amount of $410.67 for the calendar year 1943. The year 1942 is also involved because of the forgiveness feature of the Current Tax Payment Act of 1943.
The sole question presented is whether respondent erred in disallowing petitioner deductions of $750 in 1942 and $865 in 1943 as ordinary and necessary business expenses. Findings of Fact Petitioner is an individual residing at 41 Fifth Avenue, New York, New York, and is employed by Time, Inc., as an advertising solicitor. His income tax returns for the years 1942 and 1943 were filed with the collector of internal revenue for *36 the second district of New York. Petitioner was paid a salary and bonus for each of the years 1942 and 1943 by Time, Inc. In addition to his salary and bonus, petitioner was authorized by Time to spend sums entertaining representatives of various liquor and drug firms who advertised in Time and whose accounts were supervised by petitioner. These sums were in addition to his authorized traveling expenses to and from places outside of the New York City area. Expense vouchers for funds so expended were paid petitioner by way of reimbursement by the accounting department of Time under the head of "personal promotion." The vouchers contained detailed itemization of the sums expended for traveling outside the New York City area, luncheons, beverages, taxis, telephone calls, prize fights, tips, and miscellaneous entertainment; and also names of the business acquaintances entertained and the firms they represented. In addition to these expenses for which petitioner was reimbursed by Time, he spent various amounts in 1942 and 1943 for taxi fares in calling upon customers and prospective customers in New York City with whom he had appointments and for telephone calls to his office while *37 in that city to ascertain whether he had been called by other customers or prospective customers while away from the office. Petitioner expended other additional amounts for wedding and baby presents to business friends, for entertaining business acquaintances at his home, and for tips to railroad ticket offices for special service. Petitioner kept no record of these additional expenditures. The following memorandum was issued by the business manager of Time on February 28, 1938: "This memorandum deals with two money matters that badly need straightening out. (1) Expense Accounts. (2) Purchase of Supplies and Equipment. Expense Accounts. The new expense account forms with separate sheets for travel and entertainment which were recently issued by Mr. Hoeft are, in general, being properly used and have gone a long way toward clarifying many of the charges which salesmen make to the Company. However, the definition of travel allowances as printed on the back of the travel sheet needs amplification and redefinition. Mr. Luce and other Management officers have often emphasized that TIME salesmen are paid high salaries because selling is not a routine job and makes demands on a man's *38 time and money that cannot be accounted for minute-by-minute or penny-by-penny. There are many expenses incidental to selling which the salesman is not expected to recover from the Company on top of his salary. In a very true sense, a salesman's job never ceases. And almost without exception his business life is closely interwoven with his personal social life. I make this point again because there are new men on the TIME staff who may never before have heard it. And because it explains why the Management does not expect an expense account to contain every phone call, every taxi ride, every luncheon, and every drink bought by a salesman in the course of his business and social existence." This memorandum remained in force and effect throughout 1942 and 1943. The above-mentioned expenditures additional to those for which petitioner was reimbursed by Time were not charged to Time for the reason that petitioner did not feel that they were the type of expenses which could be included on his regular expense account under the terms of the above memorandum. In making out his return petitioner estimated that such additional expenditures amounted to $750 in 1942 and $865 in 1943 and claimed *39 such amounts as business expense deductions for those years. The respondent disallowed the claimed deductions. The taxi fares and telephone expenditures of petitioner in the respective amounts of $288 and $117 for each of the respective years 1942 and 1943 constitute ordinary and necessary business expenses. The remaining expenditures for which petitioner seeks deduction were expenditures constituting personal expenses and not ordinary and necessary business expenses. Opinion Petitioner seeks to deduct as ordinary and necessary business expenses for the taxable years 1942 and 1943 under section 23 (a) of the Internal Revenue Code[1] his estimates of amounts expended in what he claims to be "personal promotion" in establishing, retaining, and expanding his business contacts in his advertising position with Time, Inc., over and above the expenses for "personal promotion" for which Time reimbursed him. *40 The expenditures for which petitioner seeks deduction fall into three categories. In the first category fall expenditures which are patently of a personal nature. In this category we include the amounts expended as tips to railroad ticket offices. These sums were expended to obtain extra services such as were not rendered to ordinary customers of the ticket offices. Such expenditures secured services which merely gratified the desire of petitioner for unusual and extraordinary personal comfort or convenience and were therefore not ordinary and necessary business expenses under section 23 (a) (1) (A), supra, but rather were personal expenses under section 24 (a) (1) of the Internal Revenue Code. [2]
In the case of F. L. Bateman, 34 B.T.A. 351, expenditures made by a taxpayer through the medium of two of its employees were held to be allowable deductions by the taxpayer as ordinary and *41 necessary business expenses. Among those expenditures were amounts in the nature of "tips" paid railroad employees as an inducement for them to facilitate and expedite shipments of the taxpayer at times when railroad traffic was greatly congested and it was very difficult to obtain cars. Under the method of handling traffic it was vitally necessary to the success of the taxpayer's business to move the traffic and to do so the amounts paid the railroad employees were necessary. It was a common practice in those days to make such expenditures. The facts here are quite different from those in the Bateman case. No unusual passenger traffic conditions necessitating the expenditures for the extra services of the ticket offices here involved are shown to have existed when the expenditures were made. It is shown that the expenditures herein were made for special services rendered by the railroad ticket offices and, by their very nature of being special, were not ordinary expenditures as were the "tips" in the Bateman case since there the expenditures were made in conformity to a common practice and consequently were, in the very nature, ordinary expenditures. Also, there was no element of *42 personal comfort attaching to the expenditures in the Bateman case as there is here. In these vital respects, if in no other, the cited case is clearly distinguishable. In the second category fall those expenditures which on their face would appear to be personal expenditures but which might nevertheless be deductible if it were shown that they were made solely for a business purpose and not to gratify petitioner's social inclinations. In this category we include the entertainment of petitioner's business acquaintenances at his home and wedding and baby presents made to business friends. Petitioner has not offered sufficient explanation to change such apparently personal expenses to ordinary and necessary business expenses. We hold therefore that such expenditures also did not constitute ordinary and necessary business expenses under section 23 (a) (1) (A), supra. In the third category we find those expenditures which appear on their face to have been incurred in the ordinary course of business, i.e., those for taxi fares and telephone calls. The taxi fares which petitioner seeks to deduct were expended to fill business appointments in New York City and area. He testified that *43 "our business is run to a large extent, practically 100%, on the appointment basis * * * there is no such thing as walking around the streets and dropping in to see somebody" and estimated that he expended on such fares "at least $1.50 or $2.00 a day." If petitioner had kept accurate records of these expenditures, the entire amount would be deductible as a business expense. But since petitioner's claimed deduction is based solely on estimates, we must allow him only such a deduction as in our opinion constitutes a proper amount under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540. See Harry Boverman, 10 T.C. 476. We think the petitioner is entitled to deduct $288 for taxi fares as a business expense in each of the years 1942 and 1943. The expenditures for telephone calls by which petitioner sought to keep in constant communication with his office when in the New York City area likewise, in our opinion, constitute a proper business expense. Petitioner testified that these calls "might entail $3.00 or $4.00 a week." Again we make an approximation under the Cohan rule and allow petitioner $117 as a business expense deduction for this item for each of the *44 years 1942 and 1943. All expenditures other than those for taxi fares and telephone calls fall within the first two categories mentioned above and are not allowable deductions under section 23 (a) (1) (A), supra. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
2. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x)↩; * * *